IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wi3, INC.<br><br>                    Plaintiff,<br><br>     v.<br><br>ACTIONTEC ELECTRONICS, INC.<br><br>                    Defendant. | **COMPLAINT**<br>**(Jury Trial Demanded)**<br><br>Civil Action No. _____ |

Plaintiff, by its counsel, Niro, Haller & Niro, alleges as follows:

### THE PARTIES

1.      Plaintiff Wi3, Inc. ("Wi3") is a Delaware corporation with its principal place of business at 66 Washington Road, Pittsford, New York 14534. Wi3 owns United States Patent No. 6,108,331 (the "'331 Patent"), which is entitled "Single Medium Wiring Scheme for Multiple Signal Distribution in Building and Access Port Therefor", which issued on August 22, 2000 (Exhibit A). Wi3 has the exclusive right to license and enforce the '331 Patent and to collect all damages for infringement. Wi3 also has standing to sue for infringement of the '331 Patent.

2.      Upon information and belief, Defendant Actiontec Electronics, Inc. ("Actiontec") is a California corporation with its principal place of business at 760 North Mary Avenue, Sunnyvale, California 94085.

### JURISDICTION AND VENUE

3.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

5. Actiontec owns, operates and conducts business through its website www.actiontec.com in this judicial district and throughout the United States.

6. This Court has personal jurisdiction over Defendant because Defendant operates and conducts business through its interactive website www.actiontec.com in the state of New York and offers for sale and sells products that are covered by the claims of the '331 Patent in this judicial district.

7. Actiontec is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of New York such that it should reasonably and fairly anticipate being haled into court in New York.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

**COUNT I-**
**INFRINGEMENT OF UNITED STATES PATENT NO. 6,108,331**

9. Wi3 realleges and incorporates by reference paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. Actiontec manufactures and sells MoCA Network Adapters and/or Network Extenders throughout the United States.

11. Actiontec MoCA Network Adapters and/or Network Extenders include at least models ECB2500C and WCB3000N.

12. Actiontec MoCA Network Adapters and/or Network Extenders are designed to provide an in-house signal distribution system.

13. Actiontec's MoCA Network Adapters and/or Network Extenders have a main module mounted in a communications box of a structure in which the in-house signal distribution system is installed.

14. Actiontec's MoCA Network Adapters and/or Network Extenders have a main module connector mounted on a main module and connected to a packet stream of the in-house signal distribution system, the packet stream including addressed data packets that carry the respective portions of at least one signal distributed by the in-house signal distribution network.

15. Actiontec's MoCA Network Adapters and/or Network Extenders have at least one physical medium connector connected to the main module and arranged for connection to at least one device that can receive respective ones of the at least one signal distributed by the in-house distribution network.

16. Actiontec's MoCA Network Adapters and/or Network Extenders have a packet handler that picks packets for the access node from the packet stream, the packet handler converting the picked packets back to their respective ones of the at least one signal and sending the respective ones of the at least one signal to a respective physical medium connector of the access node.

17. Actiontec's MoCA Network Adapters and/or Network Extenders have a packet stream distributor carrying the packet stream to the access node main module connector.

18. In Actiontec's MoCA Network Adapters and/or Network Extenders, the packet stream is generated by a main input node that takes at least one external signal and converts the

at least one external signal to addressed data packets carried by the packet stream to the access node, the at least one external signal being at least one signal for distribution.

19. In Actiontec's MoCA Network Adapters and/or Network Extenders, the main input node further includes a frequency allocator that transmits data packets over the packet stream distributor at particular frequencies according to the respective types of signals represented by the data packets.

20. In Actiontec's MoCA Network Adapters and/or Network Extenders, the packet stream distributor includes coaxial cable, the main input node receives a cable television signal as one of the external signals, and the frequency allocator passes the cable television signal through to the coaxial cable unchanged.

21. Actiontec has directly infringed and continues to directly infringe at least claims 26, 27, 29 and 30 of the '331 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and selling Actiontec MoCA Network Adapters and/or Network Extenders.

22. Actiontec has indirectly infringed and continues to indirectly infringe at least claims 26, 27, 29 and 30 of the '331 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim. Actiontec has had knowledge of the '331 Patent by at least as of the filing of this complaint. Actiontec has knowingly and actively induced infringement of at least claims 30, for example, by encouraging the purchase, installation, and use of its MoCA Network Adapters and/or Network Extenders in a manner that infringes at least claims 26, 27, 29 and 30 of the '331 Patent through at least its instruction manuals and marketing materials available at www.actiontec.com. The direct infringers that are being induced by Actiontec include, without limitation, its customers, resellers, and users that sell and use the accused MoCA Network Adapters and/or Network Extenders.

23. Actiontec has also indirectly infringed and continues to indirectly infringe at least claims 26, 27, 29 and 30 of the '331 Patent under 35 U.S.C. § 271(c) through the foregoing activities and including, among other things, making, offering to sell and selling the accused MoCA Network Adapters and/or Network Extenders and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the MoCA Network Adapters and/or Network Extenders, which constitute a material part of the patented inventions of at least claims 26, 27, 29 and 30 of the '331 Patent, which Actiontec knows are especially made or adapted for use in an infringement of at least claims 26, 27, 29 and 30 of the '331 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringer activity to which Actiontec contributes includes, without limitation, its customers, and users of the accused MoCA Network Adapters and/or Network Extenders.

24. The acts of infringement of the '331 Patent by Actiontec have injured Wi3, and Wi3 is entitled to recover damages adequate to compensate it for such infringement from Actiontec, but, in no event less than a reasonable royalty.

25. Further, the acts of infringement of the '331 Patent by Actiontec have injured and will continue to injure Wi3 unless and until this Court enters an injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '331 Patent.

## DEMAND FOR JURY TRIAL

26. Wi3 demands a trial by jury on all issues presented in this Complaint to the extent permitted by applicable law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Wi3 respectfully requests that this Court enter judgment against the Defendant Actiontec, and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1. An award of damages adequate to compensate Wi3 for the infringement that has occurred, together with prejudgment interest from the date infringement of the '331 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

2. A finding that this case is exceptional and an award to Wi3 of its attorneys' fees and costs as provided under 35 U.S.C. § 285;

3. A permanent injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '331 Patent; and

4. Such other relief that Wi3 is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

Dated: June 11, 2014                    Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller
Ashley E. LaValley
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
alavalley@nshn.com

Paul F. Keneally
UNDERBERG & KESSLER LLP
300 Bausch & Lomb Place
Rochester, NY 14604
Phone: (585) 258-2800

- 7 -

Fax: (585) 258-2821
pkeneally@underbergkessler.com

***Attorneys for Plaintiff, Wi3, Inc.***