UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Wi3, INC.,

          Plaintiff,

v.

ACTIONTEC ELECTRONICS, INC.,

          Defendant.

**DECISION AND ORDER**
14-CV-6321 EAW

---

## BACKGROUND

Plaintiff Wi3, Inc. ("Plaintiff") commenced the instant action on June 11, 2014, alleging that Defendant Actiontec Electronics, Inc. ("Defendant") has infringed certain claims of United States Patent No. 6,108,331 (the "'331 Patent"). (Dkt. 1). Plaintiff alleges that it is the owner of the '331 Patent, which is entitled "Single Medium Wiring Scheme for Multiple Signal Distribution in Building and Access Port Therefor," and issued on August 22, 2000. (Dkt. 1 at ¶ 1). According to Plaintiff, Defendant has infringed "at least claims 26, 27, 29 and 30 of the '331 Patent" by making and selling products known as Actiontec MoCA Network Adapters and/or Network Extenders. (*Id.* at ¶ 20). Defendant denies infringing the '331 Patent and brings two counterclaims, one seeking a declaratory judgment of non-infringement of the '331 Patent (Counterclaim 1) and one seeking a declaratory judgment of invalidity of the '331 Patent (Counterclaim 2) (the "Invalidity Counterclaim"). (Dkt. 13).

On September 15, 2014, Plaintiff filed a motion asking the Court to dismiss Defendant's counterclaims and to strike the portion of Defendant's answer entitled "Reservation of Defenses." (Dkt. 17). Defendant filed its opposition to Plaintiff's motion on October 6, 2014. (Dkt. 20). Plaintiff subsequently withdrew its request to dismiss Defendant's non-infringement counterclaim (Counterclaim 1) and filed an answer to that counterclaim only. (Dkt. 21, 22). Plaintiff filed reply papers with respect to the remaining portions of its motion on October 20, 2014. (Dkt. 23). For the reasons set forth below, Plaintiff's motion is granted with respect to the request to dismiss the Invalidity Counterclaim and denied with respect to the request to strike the portion of Defendant's answer entitled "Reservation of Defenses."

## DISCUSSION

### I. Legal Standard

#### A. Motion to Dismiss

"A motion to dismiss counterclaims is governed by the well-known standard for determining a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted." *Excellus Health Plan, Inc. v. Tran*, 287 F. Supp. 2d 167, 171 (W.D.N.Y. 2003). In considering a motion to dismiss, a court generally may only consider "facts stated in the [pleading] or documents attached to the [pleading] as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In reviewing the motion to dismiss, all reasonable inferences must be drawn in the counterclaimant's favor." *Excellus Health Plan*, 287 F. Supp. 2d at 171.

"[C]ounterclaims must meet the pleading requirements of Rule 8(a), as interpreted by [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 CIV. 5105 NRB, 2014 WL 3950897, at *7 (S.D.N.Y. Aug. 13, 2014); *see also Gradient Enterprises, Inc. v. Skype Technologies S.A.*, 932 F. Supp. 2d 447, 452 (W.D.N.Y. 2013) ("[A] counterclaim of patent invalidity must be measured against the *Twombly* standard."). Under *Twombly* and *Iqbal*, to withstand dismissal, a counterclaimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely.") (citations and internal quotation marks omitted). A counterclaim attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," but the counterclaimant must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

### B. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a "motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored" and "the court will not strike an affirmative defense unless the moving party can establish that the defense is totally insufficient as a matter of law." *Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 93 F. Supp. 2d 300, 303 (W.D.N.Y. 2000). "A motion to strike is committed to the Court's discretion." *Britt v. Buffalo Mun. Hous. Auth.*, No. 06-CV-0057S(SR), 2008 WL 4501929, at *1 (W.D.N.Y. Sept. 30, 2008).

### II. Plaintiff's Motion to Dismiss

Plaintiff has moved for dismissal of the Invalidity Counterclaim on the grounds that it does not assert factual allegations sufficient to provide fair notice of the basis for the counterclaim. Defendant argues in opposition that the Invalidity Counterclaim is consistent with Form 18 of the Federal Rules of Civil Procedure and that it adequately sets forth the basis on which Defendant seeks relief.

The Invalidity Counterclaim provides in its entirety:

> 13. Actiontec repeats and realleges Paragraphs 1-26 of its Answer, each of its Affirmative defenses, and Paragraphs 1-12 of its Counterclaims as if fully set forth herein.
>
> 14. By its Complaint, Wi3 asserts that the '331 Patent is valid. Actiontec has denied this allegation and contends that the '331 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

> 15. An actual and justiciable controversy has thus arisen between Wi3 and Actiontec concerning the validity of the '331 Patent.
>
> 16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Actiontec is entitled to judgment from this Court finding that the '331 Patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

(Dkt. 13 at 8). This Court considered an almost identical counterclaim in *Gradient Enterprises*. There, the invalidity counterclaim at issue alleged, "[t]he claims of the [contested patent] are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 102, 103, and/or 112." *Gradient Enterprises*, 932 F. Supp. 2d at 450. The Court found the *Gradient Enterprises* invalidity counterclaim insufficient as a matter of law because it did not assert any factual allegations on which the Court or the moving party could "pin the invalidity of any claim of the patent." *Id.* at 452 (quotation omitted). The Court also expressly rejected the argument that the invalidity counterclaim was consistent with Form 18, noting that Form 18 "only governs allegations concerning direct infringement" and does not apply to claims of invalidity. *Id.*

Similarly, in *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S SC, 2012 WL 1029645 (W.D.N.Y. Mar. 26, 2012), this Court granted a motion for dismissal of invalidity counterclaims which asserted that "[a]ll claims of the [contested] patent[s] are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112." *Id.* at *2. The Court concluded that the counterclaims failed as a matter of law because they were "devoid of any facts that would suggest which deficiency(ies) apply to which patent(s) or claim(s)" and explained that the Appendix

Forms (including Form 18) do not "suggest a declaration that a statute has been violated, standing alone, is sufficient to survive a motion to dismiss." *Id.*

The Invalidity Counterclaim at issue in this case contains no more factual allegations than the counterclaims found legally insufficient in *Gradient Enterprises* and *Armstrong Pump*. Defendant has not identified any reason for the Court to revisit the holding in those cases that a counterclaim for patent invalidity must contain more than a barebones assertion that a patent is invalid for failure to comply with particular sections of the U.S. Code.

The out-of-circuit cases relied upon by Defendant are unpersuasive. For example, in *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010), the district court held that it would be "incongruous to require heightened pleading [for an invalidity counterclaim] when the pleading standard for infringement does not require facts such as why the accused products allegedly infringe or to specifically list the accused products." *Id.* at 1159. Contrary to that reasoning, requiring an invalidity counterclaim to comply with the analysis laid out in *Twombly* and *Iqbal* does not impose a heightened pleading standard. Indeed, the Second Circuit Court of Appeals has made it clear that *Twombly* and *Iqbal* do not impose a "heightened" pleading standard. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) ("[T]he notion that *Twombly* imposed a heightened standard . . . is belied by the *Twombly* opinion itself.").

This Court's adoption of Local Patent Rules (effective January 1, 2014) does not alter the Court's conclusion. The detailed disclosures required by Local Patent Rule 3.3 do not alter the pleading standard for asserting an invalidity counterclaim in compliance

with *Twombly* and *Iqbal*. An invalidity counterclaim must contain the minimal factual allegations required to show plausibility. As this Court explained in *Armstrong Pump*, "a declaration that a statute has been violated, standing alone," is insufficient to meet this standard. 2012 WL 1029645 at *2.

For the foregoing reasons, the Court dismisses without prejudice Defendant's Invalidity Counterclaim (Counterclaim 2) for failure to state a claim.

### III. Plaintiff's Motion to Strike

Plaintiff also moves to strike the portion of Defendant's answer entitled "Reservation of Defenses," which provides: "Actiontec reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case." (Dkt. 13 at 6) (the "Reservation of Defenses Clause"). Plaintiff argues that this portion of the answer is an improper attempt to circumvent Federal Rule of Civil Procedure 15, which governs the amendment of pleadings. Defendant argues in opposition that it should not be "preclude[d] . . . from ever raising additional defenses in the future based on newly-discovered facts." (Dkt. 20 at 9).

To the extent that the Reservation of Defenses Clause seeks "to reserve the unilateral right to add new and different affirmative defenses as they become known to [Defendant] at indeterminate times in the future," it is improper and inconsistent with Rule 15. *Boss Prods Corp. v. Tapco Int'l Corp.*, No. 00-CV-0689E(M), 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001). However, to the extent that the Reservation of

Defenses Clause seeks only to reserve the "right to seek leave to amend," it should not be stricken even though "the language of the reservation is imprecise" because Defendant "do[es] retain the right to seek leave of the court to amend the[] answer." *F.T.C. v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357, at *4 (D. Conn. Jan. 25, 2006).

Based on the language of the Reservation of Defenses Clause, the Court cannot determine as a matter of law that Defendant seeks more than to simply reserve its right to seek leave to amend the answer should facts supporting additional affirmative defenses become known to it. Under these circumstances, the Court declines to strike the Reservation of Defenses Clause. The Court's decision not to dismiss the Reservation of Defenses Clause is not and should not be interpreted as "excusing the otherwise applicable constraints of Rules 15 and 16 to any future attempt to amend the . . . Answer. . . ." *Calabrese v. CSC Holdings, Inc.*, No. CV 02-5171(DLI)(JO), 2006 WL 544394, at *7 (E.D.N.Y. Mar. 6, 2006).

IV. **Leave to Amend**

The final sentence of Defendant's brief in opposition to Plaintiff's motion states, "should the Court grant any portion of Wi3's motion, Actiontec respectfully requests leave of Court to file an amended answer in accordance with such order." (Dkt. 20 at 13). Defendant's request is not a proper motion for leave to amend, and fails to comply with the Local Rules of Civil Procedure with respect to the process for seeking to amend a pleading. In particular, Local Rule 15(a) provides, "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading

as an exhibit to the motion," while Local Rule 15(b) requires parties represented by counsel to identify the proposed amendments "through the use of a word processing 'redline' function or other similar markings. . . ." L. R. Civ. P. 15(a), (b). Because Defendant has failed to comply with the Local Rules, the Court exercises its discretion in denying this "cursory or boilerplate request[] . . . made solely in a memorandum in opposition to a motion to dismiss." *Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 402 (2d Cir. 2009) (citation omitted). If Defendant wishes to seek leave to amend its answer, it should do so through a procedurally compliant motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted without prejudice with respect to the request to dismiss the Invalidity Counterclaim (Counterclaim 2) pursuant to Rule 12(b)(6) and denied with respect to the request to strike the Reservation of Defenses Clause.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   November 21, 2014
         Rochester, New York